UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARVIN L. MAURICE,

               Plaintiff,

      v.

MICHAEL ASTRUE, Commissioner of Social Security,

               Defendant.

CASE NO. C08-5757JRC

ORDER

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision.

Plaintiff raises the following issues:

(i) Whether the ALJ provided clear and convincing reasons for rejecting the opinions of Dr. Schneider and Dr. Trowbridge;

(ii) Whether the ALJ erroneously rejected Plaintiff's testimony; and

(iii) Whether the ALJ properly found that Plaintiff retained the ability to perform work as a laundry worker, assembler, or electronics worker.

After carefully reviewing the matter, the court finds that the ALJ's decision is supported by substantial evidence and is free of any legal error. The court AFFIRMS the administrative decision.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the record, the court finds and orders as follows:

(1) The ALJ properly considered the medical evidence, including the opinions of Dr. Schneider and Dr. Trowbridge.

Generally, the administrative law judge ("ALJ") will afford more weight to the opinions of treating medical professionals. 20 C.F.R. § 404.1527(d)(2). An ALJ should "give more weight to opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's]

medical impairment(s) and may bring a unique perspective ... that cannot be obtained from ... individual examinations." Id.

"When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). When an ALJ rejects the opinion of the treating physician in favor of a conflicting opinion, however, he must provide "specific and legitimate reasons supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (internal quotation marks omitted); *see also* Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998). The uncontradicted opinion of either treating or examining physicians may only be rejected for "clear and convincing" reasons. Lester, 81 F.3d at 831.

Here, the medical evidence was contradicted and undermined by Plaintiff's credibility (discussed below). As can be reasonably expected the medical opinions, which are focused on Plaintiff's mental health and limitations, do not entirely agree with one another. For instance Dr. Schneider assessed a GAF of 42 (indicating serious impairments), but the ALJ noted Dr. Peterson assessment of only "moderate" limitations. The ALJ reasonably explained that Dr. Schneider's GAF score was largely based on Plaintiff's "presentation that he was not willing to attempt any treatment options as well as the [Plaintiff's] behavior related to his personality disorder" and inconsistent with Dr. Schneider's own finding that Plaintiff was not precluded from working due to any psychiatric condition. Tr. 28. The ALJ weighed the evidence and gave significant weight to the opinions of Dr. Anita Peterson, Dr. Matthew Comrie, Dr. Hart, and Dr. Schneider. Tr. 27-28.

The ALJ properly rejected the opinion of Dr. Trowbridge. Dr. Trowbridge evaluated Plaintiff on March 27, 1997, finding Plaintiff was markedly limited in many respects due mental disorders. Tr. 421-24. The ALJ properly addressed this evidence, stating Dr. Trowbridge's assigned limitations were based on a finding of a low level of intellectual functioning. Tr. 29. For example, Dr. Trowbridge twice commented after assigning moderate and marked limitations that Plaintiff suffered from a low level of intellectual functioning. Tr. 423. The ALJ explained that Dr. Trowbridge's finding of a low level of intellectual function was misplaced because new, or more recent, intellectual testing showed that Plaintiff was able to perform at a much higher level than originally assessed. Tr. 29. The record contains substantial evidence to support the ALJ's decision, i.e., the administrative hearing testimony from Dr. Hart shows he discounted Plaintiff's claim of low intellectual functioning. Tr. 515, 518.

In sum, the ALJ properly weighed the conflicting medical evidence and provided a reasoned decision. The court notes that the medical records could have probably been interpreted in the manner plead by Plaintiff. While the court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ or the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, as it may be in this matter, it is the ALJ's conclusion that must be upheld. Id.

(2) Similarly, the court must normally defer to the ALJ in the realm of credibility determinations, which are particularly within the province of the ALJ. Andrews, 53 F.3d at 1043. Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, he must articulate specific and adequate reasons for doing so. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir.2006). The determination of whether to accept a claimant's subjective symptom testimony

requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); <u>Smolen</u>, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 343 (9th Cir.1991) (*en banc*). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. <u>Smolen</u>, 80 F.3d at 1284; <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998).

Here, the ALJ found Plaintiff "not credible" (Tr. 25), and there is affirmative significant evidence of malingering to support the ALJ's rejection of Plaintiff's allegations. The ALJ specifically noted Dr. Schneider's, Dr. Richard Peterson's and Dr. Hart's opinions supporting the finding that Plaintiff was not being truthful in his examinations and allegations of limitations. Tr. 26. Moreover, the ALJ noted Plaintiff's statements and allegations regarding the severity of his limitations were inconsistent with the medical records and his use of medication and treatment records. The court finds no error in the ALJ's finding that Plaintiff is not credible.

(3) Plaintiff next argues the ALJ's hypothetical posed to the vocational expert failed to include all of Plaintiff's limitations. Specifically, Plaintiff claims the ALJ found that Plaintiff was limited to simple, routine, repetitive work activity that involves no more than occasional contact with others for cooperative tasks, and that he is further limited to activities that do not involve contact with the public, but Plaintiff argues this finding was not posed to the vocational

expert.  Accordingly, Plaintiff claims the ALJ erred at step-five of the administrative process to deny Plaintiff's application for social security benefits.

At step-five, the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of his age, education, work experience, and residual functional capacity.  Tackett v. Apfel,180 F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995).  In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

If the ALJ utilizes a vocational expert, the ALJ's findings will be upheld where the weight of the medical evidence supports the hypothetical questions posed by the ALJ.  Martinez v. Heckler, 807 F.2d 771 (9th Cir. 1986).  A vocational hypothetical must set forth all the reliable limitations and restrictions of the particular claimant that are supported by substantial evidence.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  Although the hypothetical may be based on evidence that is disputed, the assumptions in the hypothetical must be supported by the record.  Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)(*citing* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)).

Here, relying on testimony from a vocational expert, the ALJ concluded that Mr. Maurice could perform work as a laundry worker, an assembler, or electronics worker.  Tr. 20.  As noted above, the ALJ found Plaintiff retained the ability "to perform simple, routine, repetitive work activity that involves no more than occasional contact with others for cooperative tasks.  He is limited to activities that do not involve contact with the public." Tr. 24.

To support the RFC finding, the ALJ gave significant weight to the opinions and evaluations of the State Agency doctors, Dr. Peterson and Dr. Comrie, in addition to the medical expert, Dr. Hart. Tr. 27. The ALJ specifically noted Dr. Peterson's opinion that plaintiff is "able to adapt to simple, low pressure work" and he "has sufficient social skills for most simple work settings, but should not deal directly with the public." Id. Dr. Hart found plaintiff's difficulty with social functioning is a matter of voluntary control, rating it a mild to moderate limitation. Tr. 517-18.

Finding the above medical opinions persuasive, the ALJ asked the vocational expert to assume that an individual had "occasional contact with others for cooperative tasks, and occasional – less than occasional contact with the public." Tr. 535. Plaintiff argues the hypothetical posed by the ALJ, is significantly different than the ALJ's RFC. Plaintiff highlights the fact that the ALJ's finding, precludes plaintiff from any contact with the general public, while the hypothetical allows "less than occasional contact with the public."

After considering the argument and carefully reviewing the ALJ's decision, the court finds no significant difference between the ALJ's RFC finding and the hypothetical relied upon at the administrative hearing. This is particularly true when the court considers the medical opinions relied on and noted by the ALJ when he formulated plaintiff' RFC. For instance, there is no significant difference between the opinions of Dr. Peterson and Dr. Hart, noted above, and the ALJ's hypothetical, limiting plaintiff to occasional contact with coworkers and "less than occasional" contact with the public. In examining the opinions of Dr. Peterson and Dr. Hart in more detail, the hypothetical correctly summarized their conclusions and provided a sufficient basis for the ALJ's hypothetical. Remanding this matter for further proceedings because of some rhetorical distinction would appear to be a useless exercise.

In sum, the ALJ properly determined plaintiff's RFC, which is based on the medical opinions of Dr. Peterson, Dr. Comrie, and Dr. Hart. The hypothetical posed to the vocational expert accurately reflects the medical opinions relied upon by the ALJ, and it is properly supported by substantial evidence in the record. The ALJ did not err at step-five in the decision making process, relying on the vocational expert to conclude plaintiff retains the ability to perform work as a laundry worker, an assembler or electronics worker. Each of these jobs provide simple, low pressure work environments, to which Dr. Peterson found plaintiff would be able to adapt.

(4) Based on the foregoing, the Court AFFIRMS the administrative decision.

DATED this 25th day of August, 2009.

J. Richard Creatura
United States Magistrate Judge